Rockingham
No. 78-104

MARIE F. DUBOIS

v.

ANTOINE DUBOIS

September 18, 1978

*Fryer, Boutin & Warhall,* of Londonderry, by brief, for the plaintiff.

*Edward E. Williams,* of Exeter, by brief and orally, for the defendant.

### MEMORANDUM OPINION

The parties were divorced in 1977 after a hearing before a Master (*Leonard C. Hardwick,* Esq.) by decree entered by *Perkins,* J.

Custody of a minor child was awarded to plaintiff who was also given the right to sole possession and occupancy of a real estate at 13 Asbury Street, Salem, until the child attained the age of eighteen or the plaintiff remarried, whichever event occurred first. The decree in paragraph 6 also provides that if the plaintiff "permits a man not her husband to reside with her at Asbury Street, her right of occupancy and possession shall immediately terminate."

Defendant thereafter moved that plaintiff's custody of the child and possession of the property be terminated and that he be given custody and possession because of a violation by plaintiff of the above paragraph 6. Another Master, *Nicholas G. Copadis,* recommended that the request for custody and occupancy be denied and

that the property be sold. The recommendation was approved by *Cann*, J.; defendant's exceptions were transferred by *Mullavey*, J.

The violation of paragraph 6 of the decree is now moot because plaintiff is not now in occupancy. The matter of custody was not mentioned in paragraph 6 and, contrary to the contention of the defendant, a violation of paragraph 6 would not of itself entitle him to custody.

*Exceptions overruled.*